IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT RICHARD PRICE,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>        Respondent. | No.  2:22-CV-0028-KJM-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Pending before the Court is Respondent's unopposed motion to dismiss, ECF No. 19, and supporting lodged state court records, ECF No. 18.[1]  Petitioner has not filed an opposition to Respondent's motion.

        This action proceeds on Petitioner's original petition, which was filed in the United States District Court for the Northern District of California on December 3, 2021, ECF No. 1, and transferred to this Court on January 3, 2022, ECF No. 4.  In the petition, Petitioner states that he is challenging an April 30, 2021, sentence in Sacramento County Superior Court case no. 21FE002983 which was imposed following a conviction for vehicle theft.  See ECF No.

---

[1] **Error! Main Document Only.**The court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record.  See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008).  Thus, this court may take judicial notice of state court records, see Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, see Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967).

1, pg. 1. Lodged state court records reflect that the April 30, 2021, sentencing resolved three cases – case nos. 20FE002590, 21FE002983, and 20FE010249. See ECF No. 18-1, pg. 2; ECF No. 18-2, pg. 3. In case no. 20FE002590, Petitioner was sentenced to three years on a burglary charge and a concurrent sixteen months on another burglary charge. See id. In case no. 21FE002983 – the case referenced in the petition – Petitioner was sentenced to a concurrent sixteen months for vehicle theft. See id. In case no. 20FE010249, Petitioner was sentenced to eighth months for another vehicle theft plus a two-year enhancement concurrent to the three years for burglary received in case no. 20FE002590. See id. On May 17, 2021, the trial court revised the sentences for each of the three cases to include 157 days of credits for actual time served, plus another 156 days of credits for times deemed served. See ECF No. 18-2, pg. 4.

In the pending unopposed motion to dismiss, Respondent argues this Court lacks jurisdiction to consider the petition because Petitioner was not, at the time he filed the petition, in custody pursuant to the judgement being challenged, specifically case no. 21FE002983. See ECF No. 19. According to Respondent:

> Section § 2241(c)(3) grants "jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Thus, "at the time his petition is filed," the petitioner must be not just be in custody, but the custody on that date must result from "the conviction or sentence under attack." *Id.* at 490-91.

ECF No. 19, pgs. 2-3.

Here, Respondent concludes that the sixteen-month sentenced imposed in case no. 21FE002983, which had been modified to reflect credits, expired on October 20, 2021, which is before the petition was filed in December 2021. See ECF No. 19, pgs. 3-4. According to Respondent, while Petitioner was in custody pursuant to the longer modified sentenced imposed in the other two cases, Petitioner was not in custody pursuant to the modified sentence in the case being challenged in the petition, specifically case no. 21FE002983. See id.

///

///

///

Petitioner has not filed any response to Respondent's motion, which was properly served on Petitioner at his address of record. See ECF No. 19, pg. 4 (proof of service). Respondent's motion was filed on April 6, 2022. See ECF No. 19. As of June 7, 2022, no opposition had been filed and the Court issued a minute order informing Petitioner that his failure to file an opposition could be construed by the Court as consent to the relief requested in Respondent's motion. See ECF No. 20; see also Local Rule 230(c), (l). Petitioner filed an objection to the Court's minute order on June 23, 2022. See ECF No. 21. On August 17, 2022, the Court denied Petitioner's request for a hearing and granted Petitioner an additional 30 days to file an opposition to Respondent's motion to dismiss. See ECF No. 22. To date, Petitioner has not filed an opposition.

The Court agrees with Respondent's jurisdictional analysis and construes Petitioner's lack of an opposition as consent to the relief requested in Respondent's motion to dismiss.

Based on the foregoing, the undersigned recommends that Respondent's unopposed motion to dismiss, ECF No. 19, be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 26, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE